**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER GIL-ORTIZ, AKA Christopher Alain Gil, AKA Joel Martinez-Acevedo, <br><br>       Petitioner, <br><br>   v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>       Respondent. | No. 13-71667 <br><br> Agency No. A200-963-394 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015**

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

    Christopher Gil-Ortiz, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") denial of a continuance, and denying his

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to remand based on a claim of ineffective assistance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), and a motion to remand, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1097-98 (9th Cir. 2005), and review de novo constitutional claims and questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Gil-Ortiz's motion for a continuance to seek post-conviction relief in state court, where Gil-Ortiz failed to demonstrate good cause for a continuance. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (quoting 8 C.F.R. § 1003.29 )). Gil-Ortiz conceded removability, he was ineligible for the relief sought, and collateral post-conviction relief remained a merely speculative possibility at the time of his final hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *see also Sandoval-Luna*, 526 F.3d at 1247 (rejecting a challenge to an IJ's denial of a continuance where "no relief was then immediately available").

The agency applied the correct legal standard to Gil-Ortiz's request for a continuance where it invoked the applicable "good cause" legal standard and cited

pertinent legal authorities. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that "the IJ applied the correct legal standard" in a case where "the IJ expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

The BIA did not abuse its discretion in denying the motion to remand where Gil-Ortiz failed to establish prejudice from the alleged ineffective assistance of counsel. *See Mohammed*, 400 F.3d at 793 (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate that he was prejudiced by counsel's performance). Contrary to Gil-Ortiz's assertions, the BIA did not rely on his failure to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), in determining that he failed to establish a claim of ineffective assistance.

**PETITION FOR REVIEW DENIED.**